account as offset earnings "at the end of the year when settlement is made." For as to them, in this respect, the agreement was only:

"At the end of the term of this contract the accounts of sales made, shipped, and accepted as aforesaid shall be computed and settled."

The decisions in Schwerin v. Rosen, 45 Misc. Rep. 409, 90 N. Y. Supp. 407, and in Schlesinger v. Burland, 42 Misc. Rep. 206, 85 N. Y. Supp. 350, are not applicable, for the facts therein were dissimilar, nor would they be so were the facts mutatis mutandis similar, if the obligations of the parties be as plain as they here appear.

---

### HINODE FLORIST CO v. NEW YORK & Q. C. RY. CO.

(Supreme Court, Appellate Division, Second Department. March 5, 1909.)

STREET RAILROADS (§ 99*) — COLLISION WITH VEHICLE — CONTRIBUTORY NEGLI- GENCE.

Plaintiff cannot recover against defendant electric railway company for injury to a wagon struck at night by a car, if plaintiff's driver drove 200 yards or more on the track, knowing the danger and being familiar with existing conditions, without attempting to ascertain whether a car was approaching behind him, and if that contributed to the accident.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 215; Dec. Dig. § 99.*]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by the Hinode Florist Company against the New York & Queens County Railway Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Anthony J. Ernest, for appellant.
Edgar P. Foster, for respondent.

JENKS, J. The defendant appeals from a judgment of the Municipal Court, entered upon a verdict for the plaintiff, in its action to recover damages for injury to personal property. The plaintiff's wagon was driven onto and passed along the tracks of the defendant, some time between 4:30 and 5:30 a. m. of January 11, 1907. While the wagon was passing along the tracks it was overtaken and struck by the defendant's car.

I think that the judgment must be reversed, and a new trial be ordered, upon the exception taken to the refusal·to give this instruction to the jury:

"If the jury find that the plaintiff's driver drove 200 yards or more upon the track, knowing the danger of the situation and being familiar with the conditions there existing, without making any effort to ascertain whether the car was approaching behind him, and that contributed to the accident, the plaintiff cannot recover."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It appears that the plaintiff's driver knew that cars ran upon the track. He testifies that he passed along nearly 300 feet before the accident, and that he did not during that time look back for any approaching car, and there is no proof that he listened for one. Although the headlight of the car had gone out, there is no dispute but that the car was lighted. Under the circumstances, the defendant was entitled to this instruction. Belford v. Brooklyn Heights Railroad Co., 86 App. Div. 388, 83 N. Y. Supp. 836.

The judgment is reversed, and a new trial is ordered; costs to abide the event. All concur.

